## 30505. GOODIN v. RAMSEY et al.

UNDERCOFLER, Presiding Justice.

This is a mandamus action to compel the DeKalb County Board of Education to issue Goodin a contract of employment and reinstate him as an instructor at DeKalb Community College. Goodin claims tenure and that his contract was automatically renewed for the 1975-76 school year when neither the board of education nor the local school superintendent informed him specifically in writing by April 15, 1975 that his contract would not be renewed. The trial court denied the mandamus. We affirm.

The record shows that Dr. James H. Hinson, Jr., Superintendent of Schools for DeKalb County, Georgia, and President of DeKalb Community Schools, instructed the executive dean of the college to inform Goodin that his contract was being withheld pending the outcome of the problems Goodin was then discussing with the superintendent. On March 31, 1975, Goodin received a hand-delivered written memorandum from the executive dean which stated, "Your contract for 1975-76 is being withheld pending the outcome of the problem you are discussing with Dr. Hinson." All other certificated and professional employees at the college were delivered

contracts on that same day.

Goodin contends that this communication was insufficient under the Act of 1975 (Ga. L. 1975, p. 360; Code § 32-2103c) to notify him that his contract would not be renewed for the successive school year.

The 1975 Act provides in part: "When the local school superintendent or board of education has *tentatively* decided not to renew the contract in the third successive year of any such teacher or professional certificated employee, or any subsequent year thereafter, or to demote such a teacher or other professional certificated employee, written notification of such tentative decision shall be given to such teacher or employee not later than April 15 prior to the ensuing school year, and any such teacher or professional certificated employee so notified shall have the right to request the local school superintendent or local board of education, in writing, by not later than May 1, thereafter, to furnish such teacher or certificated professional employee a written statement of the reasons on which the nonrenewal of the contract was based, or the reasons for the demotion . . ." Code § 32-2103c. (Emphasis supplied.)

The communication of March 31, 1975, was sufficient to notify Goodin that a tentative decision had been made not to renew his contract for the successive school year.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 17, 1975 — DECIDED DECEMBER 2, 1975.

*Haas, Holland, Levison & Gibert, Richard G. Garrett,* for appellant.

*Weekes, Candler, Sams & Weatherly, Gary M. Sams,* for appellees.